1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Deepthi Warrier Edakunni, *et al.*,

       Plaintiffs,

    v.

Alejandro Mayorkas, Secretary of the
Department of Homeland Security,

       Defendant.

Case No. 2:21-cv-00393-RAJ

ORDER REQUESTING
SUPPLEMENTAL BRIEFING

     According to their Second Amended Complaint, Plaintiffs allege that "[m]ore than 91,000 people have lost their jobs because the Department of Homeland Security has not done its." Dkt. # 15 at 2. They say that the agency "has stalled processing [L-2 and H-4] visa extensions" and as a result "killed existing and future work authorizations." *Id.*

     On May 15, 2021, Plaintiffs moved this Court for a preliminary injunction. Dkt. # 16. They seek an order directing Defendant to adjudicate their respective immigration forms, Form I-539 and Form I-765, within seven days. *Id.*; Dkt. # 16-24. Plaintiffs' core argument is that Defendant has violated the Administrative Procedure Act's prohibition on unreasonable delay. Plaintiffs attribute the delay in large part to Defendant's biometric requirement. Form I-539, the Application to Extend/Change Nonimmigrant Status, is used by noncitizens to "request[] an extension of stay in or change of status to

ORDER – 1

certain nonimmigrant classifications." Dkt. # 22 ¶ 3. In March 2019, the United States Citizenship and Immigration Services ("USCIS") implemented a nationwide requirement requiring all Form I-539 applicants to complete biometrics. *Id.* ¶ 4. Plaintiffs argue that this requirement slowed the USCIS' processing of applications tremendously.

Recently, Defendant represented that it will be suspending the biometric requirement. *Id.* ¶¶ 17-20. According to the Acting Associate Director of Service Center Operations of USCIS:

> USCIS is finalizing a policy that will temporarily suspend biometrics submission requirements for individuals filing Form I-539 to request an extension of stay in or change of status to H-4, L-2 and certain E nonimmigrants due to the extended processing times resulting from limited ASC capacity due to ongoing COVID-19 health and safety protocols.

> Expected to begin on May 17, 2021, the new policy suspending biometrics submission requirements for the H-4, L-2 and E nonimmigrants is intended to be in effect for 24 months, and is intended to automatically expire after May 17, 2023, subject to affirmative extension or revocation by the USCIS Director.

> The suspension of biometrics is intended to apply only to H-4, L-2 and E-1, E-2 and E-3 categories of Form I-539 applications that are pending as of the effective date of the policy and have not yet received a biometric services appointment notice, and new applications received by USCIS after the effective date of the policy through the stated expiration date, subject to affirmative extension or revocation by the USCIS Director.

*Id.* The Court's order here is entered under the assumption that USCIS will indeed suspend the biometric requirement on May 17, 2021.

By no later than May 18, 2021, Defendant is **ORDERED** to file a notice with the Court explaining whether USCIS has in fact suspended its biometric requirement. Further, the Court **REQUESTS** supplemental briefing on the following topics:

1. Assuming the biometric requirement is suspended, what effect, if any, does the suspension have on Plaintiffs' pending motion for preliminary injunction?

2. Courts across the country have addressed what seems to be the exact same issue presented here: *Muvvala v. Wolf*, No. 1:20-CV-02423 (CJN), 2020 WL

ORDER – 2

5748104, at *1 (D.D.C. Sept. 25, 2020); *Ray v. Cuccinelli*, No. 20-CV-06279-JSC, 2020 WL 6462398, at *1 (N.D. Cal. Nov. 3, 2020); *Nibber v. U.S. Citizenship & Immigr. Servs.*, No. CV 20-3207 (BAH), 2020 WL 7360215, at *1 (D.D.C. Dec. 15, 2020); *Verma v. U.S. Citizenship & Immigr. Servs.*, No. CV 20-3419 (RDM), 2020 WL 7495286, at *1 (D.D.C. Dec. 18, 2020); *Kolluri v. United States Citizenship & Immigr. Serv.*, No. 3:20-CV-02897-N, 2021 WL 183316, at *1 (N.D. Tex. Jan. 17, 2021); *Kurakula v. Renaud*, No. 4:20CV3131, 2021 WL 308189, at *1 (D. Neb. Jan. 29, 2021); *Gona v. United States Citizenship & Immigr. Servs.*, No. 1:20-CV-3680-RCL, 2021 WL 736810, at *1 (D.D.C. Feb. 25, 2021). Of the seven cases identified, Plaintiffs' counsel, Jonathan D. Wasden, or his law firm has been involved in four. Faced with substantially the same issues, each of the seven courts has denied injunctive relief. How do the facts or arguments here materially differ? Were the decisions in those cases made in error? If so, why?

The parties' supplemental briefing **shall not exceed 12 pages** and shall be filed **no later than May 28, 2021**. The Court may set oral argument accordingly.

      **IT IS SO ORDERED.**

      DATED this 17th day of May, 2021.

                                                *(signature)*

                                      The Honorable Richard A. Jones
                                      United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER – 4