1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEEPTHI WARRIER EDAKUNNI, et al., | CASE NO. 2:21-cv-00393-TL |
| Plaintiffs, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD |
| ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security, | |
| Defendant. | |

17   This matter comes before the Court on Plaintiffs' motion to supplement the

18   administrative record (Dkt. No. 90) in this Administrative Procedure Act (APA) case. Upon

19   review of the relevant record and governing law, the Court GRANTS the motion IN PART and

20   DENIES it IN PART.

21                    I.    BACKGROUND

22        In this putative class action, Plaintiffs allege that United States Citizenship and

23   Immigration Services (USCIS) has unlawfully delayed adjudicating applications for change or

24   extension of work status and for work authorization filed by nonimmigrants in the H-4 and L-2

1  visa categories. Dkt. No. 88 (third amended complaint). Plaintiffs have brought suit against the

2  Secretary of the Department of Homeland Security, Alejandro Mayorkas,[1] to "compel agency

3  action unlawfully withheld or unreasonably delayed" under the APA. *Id.* at 37 (bringing claims

4  under 5 U.S.C. § 706(1)). On July 5, 2022, this Court denied the parties' cross-motions for

5  summary judgment. Dkt. No. 87. All but one of the parties' arguments—Plaintiffs' argument that

6  USCIS had failed to adhere to mandatory deadlines for adjudication of the I-765 and I-539

7  applications at issue[2]—were dismissed without prejudice to re-filing pending appropriate

8  supplementation of the administrative record. *Id.* at 16. Additional facts are set forth in detail in

9  that Order. *See generally id.* (order on motions for summary judgment).

## II.  DISCUSSION

11      "It is an established rule that 'the focal point for judicial review should be the

12  administrative record already in existence, not some new record made initially in the reviewing

13  court.' " *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of*

14  *Agric.*, 499 F.3d 1108, 1117 (9th Cir. 2007) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

15  However, the Ninth Circuit recognizes exceptions to this general rule, particularly when

16  assessing agency inaction cases arising under 5 U.S.C. § 706(1). *See Friends of the Clearwater v.*

17  *Dombeck*, 222 F.3d 552, 560–61 (9th Cir. 2000) (affirming district court's consideration of

18  extra-record evidence in a case in which a federal agency had failed to act). "In such cases,

19  review is not limited to the record as it existed at any single point in time, because there is no

20  final agency action to demarcate the limits of the record." *Id.* at 560 (citing *Indep. Mining Co.,*

21  *Inc. v. Babbitt*, 105 F.3d 502, 511 (9th Cir. 1997)).

---

[1] As Secretary Mayorkas is being sued in his official capacity, the Court will refer to Defendant as "it," referencing the agency, for purposes of this Order. Dkt. No. 88 at 37.

[2] This argument was denied with prejudice. Dkt. No. 87 at 16.

1    "[S]upplementation is appropriate only when the materials are relevant to determining

2    whether relief should be granted." *A.A. v. U.S. Citizenship & Immigr. Servs.*, No. C15-813, 2018

3    WL 1811352, at *3 (W.D. Wash. April 17, 2018) (citing *Friends of the Clearwater*, 222 F.3d at

4    560 and *Babbitt*, 105 F.3d at 511–12). Here, supplementation is necessary to allow the Court to

5    examine whether there has been unreasonable agency delay under the *Telecommunications*

6    *Research and Actions Center v. Federal Communications Commission* (*TRAC*) factor test. 750

7    F.2d 70, 79 (D.C. Cir. 1984).

8    **A.    The Supplementation Request**

9        The Court's Order allowed Plaintiffs to move to supplement the administrative record

10   "with respect to the FIFO [first-in, first-out] processing rule and the newly-added plaintiffs

11   *only*." Dkt. No. 87 at 15 (emphasis added). Plaintiffs have now moved to supplement the

12   administrative record; however, they devote the bulk of their briefing to argument about

13   supplementation of the record on matters beyond the scope of this Court's Order. *See* Dkt. No.

14   90 at 3–8 (Plaintiffs' motion seeking to supplement the record with information on competing

15   priorities and bad faith).

16       As to FIFO, Plaintiffs request permission to depose USCIS' Deputy Associate Director of

17   Service Center Operations Connie A. Nolan and other agency officials who can speak to the

18   priorities assigned to each form and visa category at each service center based on their

19   "knowledge of each service center['s] personnel levels, caseloads, and processing from January

20   2016 to May 31, 2022." *Id*. at 2. They also seek evidence of "[t]he total number of all forms

21   processed by each service center" from January 2016 through May 2022 and more specific

22

23

24

1    information about I-539 and I-765 forms assigned to each service center during that timeframe,

2    even for irrelevant visa categories. *See id*. at 2–3; Dkt. No. 90-1 at 1.[3]

3           In response to Plaintiffs' motion to supplement the record, Defendant supplied

4    information about the adjudication status of the applications of each newly-added plaintiff from

5    the third amended complaint. Dkt. No. 92 at 1; Dkt. No. 92-1. Defendant also provided charts,

6    broken down by service center, showing the dates each of the plaintiffs from the proposed

7    second amended complaint and third amended complaint had filed I-539 and/or I-765 forms and

8    when those forms were adjudicated. Dkt. No. 92-2. Defendant contends that the data already

9    supplied "demonstrates that USCIS generally adjudicated Plaintiffs' applications pursuant to

10   FIFO with some deviations." Dkt. No. 91 at 3. Defendant asserts the new charts show that FIFO

11   processing is generally being followed, with deviations caused in part by separate workflows at

12   some service centers, requests for additional evidence, and expedite requests. *Id*. at 5.

13          However, the information Defendant has provided in response to the motion to

14   supplement does not provide the Court a full enough picture to determine whether USCIS is, in

15   fact, following FIFO with respect to *all* I-539 and I-765 forms filed by applicants within the H-4

16   and L-2 visa categories. The charts provide some information as to the Plaintiffs vis-à-vis each

17   other, but even then, the Court is left having to make educated guesses that individuals who

18   appeared to not be processed in FIFO order were subject to an exception. Defendant also

19   explained the agency's FIFO processing rule in the summary judgment briefing and with the

20   declaration of Connie L. Nolan in support of its Cross-Motion for Summary Judgment, which

21   provides some information with regard to Defendant's FIFO processing rule. Dkt. Nos. 45-1,

22

23

24   _____

[3] According to the operative complaint, Form I-539 is used by "28 different visa categories." Dkt. No. 88 at 48.

46-1.[4] But even considering both the charts and the declaration, the still unanswered—and significant—question from the Court's prior Order is whether USCIS is following their stated FIFO processing rule, including "whether applicants who had not filed lawsuits have had their applications adjudicated at the same pace as the named plaintiffs." *See* Dkt. No. 87 at 15. Defendant has not provided any information about the relative filing and adjudication dates of members of the prospective class beyond the named plaintiffs to allow the Court to determine whether the FIFO processing rule is being evenly applied to all applicants (versus just those who have filed suit) and whether Plaintiffs' applications are being processed pursuant to the FIFO rule in relation to all other applicants (not just vis-à-vis each other).

### B.      Scope of the Supplementation

The Court is mindful of making requests upon an executive agency that may disrupt its ongoing duties and will limit supplementation to the materials most relevant to determining whether relief should be granted. *See A.A.*, 2018 WL 1811352, at *3 (citing *Friends of the Clearwater*, 222 F.3d at 560 and *Babbitt*, 105 F.3d at 511). In order to balance the burden on Defendant with the need to ensure an adequate record, the Court will require a random sampling of data to supplement the record.

The Court will require Defendant to supplement the administrative record with information about the respective application filing dates and adjudication dates of *all* I-539 and I-765 applications filed for H-4 classifications and *all* I-539 applications filed for L-2 classifications as well as the reason(s) for deviation from the FIFO rule for the one month period of March 2022, for the service centers at which Plaintiffs filed applications. The Court will allow Defendant to determine how best to provide this information in a manner that does not disclose

---

[4] Defendant filed these as corrected versions of their original motion as well as the Nolan declaration. Dkt. Nos. 45, 46.

the identity of applicants other than the Plaintiffs. One suggestion is to present separate tables broken down by service center. Defendant should clearly indicate where and why processing times have departed from FIFO in particular instances due to issues such as consular processing, requests for evidence, or expedite requests. An illustration of what should be included for each service center if this suggestion is taken:

**California Service Center**
**I-539 & I-765 Adjudication Data for H-4 Classifications**

| Applicant[5] | I-539 Filing Date | I-539 Adjudication Date | I-765 Filing Date | I-765 Adjudication Date | Stand-alone I-765? | Reason for Deviation from FIFO (if applicable) |
|---|---|---|---|---|---|---|
| XXX | 03/01/2022 | 06/09/2022 | 03/01/2022 | 06/09/2022 | | Expedite request granted 05/27/2022 |
| XXX | 03/01/2022 | 10/31/2022 | 04/15/2022 | | | |
| XXX | | | 03/01/2022 | 07/28/2022 | Yes | |
| Plaintiff Name | 03/01/2022 | 11/10/2022 | 03/01/2022 | 11/10/2022 | | Request for evidence made 08/16/22, evidence provided 09/29/2022 |
| Plaintiff Name | 03/02/2022 | 09/05/2022 | 03/02/2022 | 09/05/2022 | | |
| XXX | 03/04/2022 | 10/20/2022 | 03/04/2022 | 10/20/2022 | | |
| XXX | 03/04/2022 | | 03/04/2022 | | | Consular processing |

If this information will be filed in a table-like format, the Court requests that the information be filed on the docket in PDF format as well as provided to Plaintiffs and emailed to chambers in Excel format.

As previously noted, Defendant filed a June 29, 2021, declaration from USCIS' Deputy Associate Director of Service Center Operations Connie A. Nolan in support of its cross-motion for summary judgment (Dkt. No. 46-1) (June 29th Nolan Declaration). Dkt. Nos. 45-1, 46-1.

---

[5] The Court does not wish to be provided any identifying information about non-Plaintiffs in this action. Defendant shall anonymize all information about non-Plaintiffs, such as by using "XXX" as suggested.

1    Therefore, the Defendant has already supplied evidence that lies beyond the record of any single

2    plaintiff's case and the contents of the certified administrative record. Given this—as well as the

3    issue the Court discussed in the previous section with regard to evidence as to whether

4    Defendant, in fact, is utilizing the FIFO process—the Court believes a deposition of Nolan is

5    appropriate. *See Neema v. Renaud*, No. C21-9, 2021 WL 6803282, at *1–*2 (D. Vt. Mar. 4,

6    2021) (granting motion for limited expedited discovery, including the deposition of an employee

7    whose declaration USCIS had relied on, in an APA failure-to-act case); *Chhabra v. Cuccinelli*,

8    No. C21-640, 2021 WL 3674115, at *3 (N.D. Tex. Apr. 23, 2021) (allowing deposition in a

9    similar case of a USCIS official who "spoke to matters that lie beyond the record of any single

10   plaintiff's case") (quotation omitted). In addition, it is "conventional in any lawsuit" to allow a

11   party to ask questions about the basis of statements by someone who is "already a witness."

12   *Neema*, 2021 WL 6803282, at *2.

13        With this in mind, the Court grants Plaintiffs' request for the deposition of Nolan

14   regarding the June 29th Nolan Declaration, limited to four hours. To the extent any statement in

15   prior or later declarations submitted by Nolan in this matter may be inconsistent with the June

16   29th Nolan declaration, Plaintiffs may inquire about the inconsistencies. However, the Court

17   emphasizes that its main concern is with whether, in fact, Defendant follows the FIFO processing

18   rule for the Plaintiffs as well as other putative class members from May 18, 2021,[6] through May

19

20

---

21   [6] May 18, 2021, is the day after USCIS suspended the biometrics requirement for certain form I-539 applicants,
     including those requesting an extension of stay or change of status to H-4 or L-2 nonimmigrant status. *See* Dkt. No.
22   28. The Court lacks jurisdiction to review a challenge to the biometrics policy at the current time since it is
     suspended with a date certain for either re-instatement of the policy or extension of the suspension. In a similar
23   situation, the Ninth Circuit held that a challenge to an agency policy became moot because the policy had been
     superseded. *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1124 (9th Cir. 1997) (National Marine
24   Fisheries Service's 1994-1998 biological opinion was superseded by issuance of a 1995 biological opinion and,
     therefore, a challenge to the earlier opinion was moot). As Plaintiffs' bad faith claim primarily rests upon the
     suspended biometric requirement (Dkt. No. 90 at 5–8), the Court will not allow discovery on this *TRAC* factor.

31, 2022[7] (Relevant Time Period). Plaintiffs may also inquire about any exceptions to the FIFO processing rule and how such exceptions have been applied during the Relevant Time Period.

Plaintiffs also seek a Rule 30(b)(6) deposition and non-testimonial evidence relating to the agency's human resources caseload, staffing, and other resource allocation-type information from January 1, 2016, to May 31, 2022. Dkt. No. 90 at 2–3. Plaintiffs claim this information is relevant to establish if forms were processed according to FIFO, but the Court does not see any justification for such granular detail that seems geared toward ultimately having the Court decide how the agency should use its resources (an invitation the Court will decline) and would significantly expand the current record. The Court finds this request overbroad and denies it. However, the Court will allow Plaintiffs a Rule 30(b)(6) deposition strictly limited to whether the FIFO rule has been followed for processing of I-539 forms for H-4 and L-2 classifications and I-765 forms for L-2 classifications since the biometrics requirement was suspended and any exceptions to the FIFO rule. Plaintiffs shall refrain from asking questions about operational and human resources decisions unless they are necessary to determine whether FIFO was followed during the Relevant Time Period.

Regarding competing priorities, Defendant's summary judgment briefing did not present any evidence on this issue. Defendant vaguely asserted that "a judicial order putting Plaintiffs at the head of the queue [would] simply move all others back one space and produce no net gain." Dkt. No. 45-1 at 19 (cleaned up) (citations omitted). However, an unsupported assertion of a party's counsel is not evidence. *Lopez v. Lynch*, 610 F. App'x 668 (9th Cir. 2015) (citing *I.N.S. v. Phinpathya*, 464 U.S. 183, 188–89 n.6 (1984)). Therefore, the Court will also allow Plaintiffs a Rule 30(b)(6) deposition on the issue of competing priorities.

---

[7] May 31, 2022, is the last day for which Plaintiffs seek supplemental information about whether FIFO is being followed. *See* Dkt. No. 90 at 2–3.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD - 8

To be clear, the Court is granting Plaintiffs one Rule 30(b)(6) deposition of one day (seven hours) to cover both the topics of FIFO and competing priorities. Nothing in this Order precludes Defendant from designating multiple individuals as its 30(b)(6) representatives or designating Nolan as its Rule 30(b)(6) representative for either the FIFO or competing priorities topics, should Plaintiffs request such a deposition and should Nolan be the appropriate designee.

### III.   CONCLUSION

For the above reasons, the Court GRANTS in part and DENIES in part Plaintiffs' motion to supplement the administrative record (Dkt. No. 90). **Within seven (7) days** (*i.e.*, **by November 22, 2022**), the parties shall submit a joint proposal that includes timeframes for (1) Defendant to file the one month sample requested as a supplement to the administrative record in this case, (2) the parties to complete deposition(s) consistent with this Order, (3) the parties to meet and confer regarding any additional discovery needed regarding FIFO and competing priorities after the deposition(s) have concluded, if necessary, and (4) a briefing schedule for renewed motions for summary judgment, if desired. Defendant is encouraged to request a status conference with the Court before the deadline provided to discuss any questions about or difficulties with providing the information requested.

Dated this 15th day of November 2022.

Tana Lin
United States District Judge